(No. 79-CC-0830–

HUNTER BOWIE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1980.*

BERRY & O'CONOR (RICHARD J. BERRY, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arose from a vehicular collision at the intersection of Illinois Route 71 and the exit road from

Matthiessen State Park in LaSalle County, Illinois. The Claimant was waiting in his automobile at the exit road facing north where it meets Illinois Route 71, preparing to turn onto Route 71. At the same time, an employee of the Respondent was operating a State-owned tractor westbound on Route 71, intending to turn left onto the park road where the Claimant was situated. The tractor operator turned left in front of Claimant's automobile and onto the park road, but instead of straightening out his tractor after completing the turn, he continued turning to the left and collided with the left rear fender of the Claimant's automobile. Although Claimant himself was not physically injured, the left rear portion of his automobile was damaged.

The above facts have been presented to the Court by means of a joint stipulation signed and agreed upon by both parties. The stipulation further sets forth that the Claimant was in the exercise of due care for his own safety and the safety of his property, that Respondent's employee was negligent in making his turn, and that this negligence was the cause of the collision. Both parties agree that the damages equal $450.00 and that an award in that amount should be made.

It is the province and the duty of the Court to adjudicate claims on the basis of its own determinations of law and fact, and, consequently, the Court is not bound by any such determination agreed upon by the parties to a claim. The Court, however, is not desirous of creating a controversy where none exists, and will not peremptorily reject a joint stipulation which offers a basis for a fair and reasonable resolution to the claim. Where, as in this instance, the joint stipulation sufficiently sets forth the proper elements necessary for a well-founded decision, and appears to have been entered into freely and with

knowledge of the circumstances relative to the claim, the Court will accept it and grant an award accordingly.

Claimant is hereby awarded the amount of $450.00.